IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI

RECEIVED
JUN 2 0 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

ARNE GRISHAM d/b/a )
ABEARE PHOTOGRAPHY, )
                         )
           Plaintiff, )
                         )
vs. )
                         )
DANNY SEAVEY, MITCH SEAVEY, )
JANIE SEAVEY d/b/a SEAVEY'S )
IDITARIDE SLED DOG TOURS, )
INC., )
                         )
           Defendants. )
                         )    Case No. 3KN-05-488 CI

**REPLY TO OPPOSITION TO MOTION TO DISMISS**

**A.   This Court Is Without Jurisdiction.**

The plaintiff does not dispute that this court is prohibited by federal law from hearing claims that arise under or otherwise require application of copyright law. [See 28 U.S.C. § 1338(a).] Rather, Mr. Grisham argues that his Complaint does not include any copyright based claim, but only presents a contract cause of action. [Opposition at 4, 5.] He is wrong.

Although the complaint articulates that it is brought in part to remedy a "breach of agreement" [Complaint at ¶¶ 1, 9], Mr. Grisham does not anywhere allege the existence of a contract. To the contrary, the complaint articulates that Mr. Grisham provided photographs to the defendants "pending further agreement" and asserts that the defendants subsequently used the photographs "without authorization or approval from plaintiff Grisham". [Complaint at ¶¶ 4, 6.] Even if

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

Mr. Grisham had actually alleged facts suggesting the existence of a license agreement concerning the photographs at issue, in the Ninth Circuit, the law recognizes that it is the federal courts that properly have jurisdiction over claims involving license agreements for photographs if the remedies sought in the complaint include damages for the use of the photographs and an award of costs and fees. Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir. 1993). Here, the damages sought by Mr. Grisham are "$22,300 to plaintiff Grisham for commercial use of his photographs" and his complaint includes a claim for "fees and costs of suit". [Complaint at ¶ 7 and Demand 4.] Reduced to brass tacks, Mr. Grisham's complaint sets out a claim of infringement.[1] Whenever a "complaint makes out a bona fide infringement claim, the federal court has jurisdiction". Vestron v. Home Box Office Inc., 839 F.2d 1380, 1381 (9th Cir. 1988); see also Arthur Young & Co. v. City of Richmond, 895 F.2d 967 (4th Cir. 1990) (accord).

Even if the existence of an agreement was alleged in the complaint, moreover, this court would still lack subject matter jurisdiction when faced with the type of agreement that Mr. Grisham now suggests was in existence. According to Mr. Grisham, where he asserts that he is trying to enforce an agreement, he is referring to an alleged oral contract to license the use of his photographs. [Opposition at 4.] Resolution of such a claim necessarily requires interpretation of

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

---

[1]   See e.g. Greenfield v. Twin Vision Graphics, Inc. 268 F.Supp.2d 358, 372 (D.N.J. 2003) (Complaint that alleges unauthorized use of photographs sets forth infringement claim subject to federal jurisdiction.)

REPLY TO OPPOSITION TO MOTION TO DISMISS
3KN-05-488 CI
Page 2 of 4

federal copyright law, and mandates that the federal courts have exclusive jurisdiction. Sullivan v. Naturalis, Inc., 5 F.3d 1410, 1413 (11th Cir. 1993).

B.  **The Cases Cited By Grisham Are Inapposite.**

Mr. Grisham cites to Latie v. Murdach to argue that "this is a simple case of assumpsit which is taught to all 1st year students". [Opposition at 4.] In fact, however, Lattie demonstrates the absurdity of Mr. Grisham's position.

Lattie was a case in which all the parties agreed that the plaintiff held no copyright and asserted no copyright infringement. 42 U.S.P.Q.2d at 1242. The defendants in that case none-the-less asserted exclusive federal jurisdiction claiming that the rights asserted by the plaintiff were substantially similar to copyrights. Id. Upon examining the claims, however, the court concluded that the claims were "not equivalent to a claim for unauthorized reproduction" and found no federal preemption as a consequence. Id at 1245. Plainly, the Latie case is distinguishable from the case at bar, in that Mr. Grisham seeks compensation here for the reproduction of photographs on a web site "without authorization or approval from plaintiff Grisham". [Complaint at ¶ 6.]

Mr. Grisham's reliance on Wrench LLC v. Taco Bell Corp. is similarly misplaced. Quoting *Nimmer on Copyright* § 1.01 [B][1][a] at 1-22, the Wrench court made clear that "pre-emption should continue to strike down claims that, though denominated 'contract,' nonetheless complain directly about the reproduction of expressive materials." 256 F.3d at 458. As noted above, such is the precise

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352

REPLY TO OPPOSITION TO MOTION TO DISMISS
3KN-05-488 CI
Page 3 of 4

situation here. Mr. Grisham's complaint expressly seeks damages for the unauthorized reproduction of photographs on a web site. [Complaint at ¶¶ 6, 10] Thus, even the authority cited by Mr. Grisham makes clear that this court is without jurisdiction to hear his claims, and must dismiss the complaint accordingly.

DATED at Anchorage, Alaska, this 7TH day of November, 2005.

HARTIG RHODES HOGE & LEKISCH, P.C.
Counsel for Mitch Seavey and Danny Seavey

By: _____
Sean Halloran
Alaska Bar No. 9211080

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and exact copy of the foregoing was served on the below-identified attorney of record via **1st Class Mail** on the 7 day of November, 2005:

Mark D. Osterman
Mark D. Osterman Law Office P.C.
215 Fidalgo St., Suite 106
Kenai, AK 99611

_____
Hartig Rhodes Hoge & Lekisch, P.C.

F:\Docs\100203\3\Pleadings\REPLY TO OPPOSITION_11-7-05.doc

HARTIG RHODES
HOGE &
LEKISCH, P.C.
ATTORNEYS AT LAW
717 K STREET
ANCHORAGE,
ALASKA
99501-3397
TELEPHONE:
(907) 276-1592
FAX:
(907) 277-4352